Hemphiul, Cu. J.
The last assignment presents the most important question raised by the pleadings and facts in the cause. For if the statute recommenced running after the death of English, the action was, beyond question, barred. If not, the bar would not be complete, as the acknowledgment by the mortgage of the justice of the claim would save the debt from the operation of the statute prior to January, 1842. Had English remained in the State, and had the bar not been complete before his death, the limitation-(as tlie law then existed), would, notwithstanding his death, have continued to. run, on the general principle that whore the statute has once commenced running it will not be stopped by any supervening disability, unless expressly authorized bylaw. But in this case the statute was not running at the death of the debtor. It had been suspended by his absence, and the question is, whether at the death it was again put in motion or remained suspended until the grant of administration; or in other words, is it the death of the debtor or the grant of administration which is equivalent to his return?
In adopting the 22d section of the statute of limitations, (article, 2305,). which declares that the time of a person’s absence shall not be' accounted as a part of the time limited bv the act, but that suit maybe commenced after *297 liis return to the Kcpublic, the Legislature intended that the domestic creditor should not be injuriously affected by the absence of his_ debtor, and consequent exemption from process and judgment, in a suit commenced by personal service or notice.
It is very true that this provision does not afford the ample protection to the creditor derived from it in other countries, in which the debtor is liable to arrest and compelled to give bail to secure the payment of the debt. Imprisonment for debt is, under our law, abolished ; the arrest of a debtor is unknown. It is also true that the creditor may sue his absent debtor by publication, and under certain circumstances may attach bis property and have judgment. But although these remedies may be enforced by the creditor, and the return of the debtor is not important as it would be were ho liable to arrest, yet the Legislature has deemed his absence of such detriment to the creditor as to-authorize the suspension of the statute during its continuance. But the injury caused by the absence of the debtor, be its' extent greater or less, ceases on his return. The creditor and the debtor are then restored to the situations-occupied by them antecedent to the absence. The creditor lias his process, and-the debtor can invoke the aid of the statute against antiquated claims. By the-default of the debtor the relative rights of the debtor and creditor have been deranged; by his return they are restored to harmony.
But in the case before us the return of the debtor had, by an act of divine power, become impossible. All capacity for action on the part of the debtor had ceased. The creditor was forever precluded from the possibility of personal suit against him, not only here, but elsewhere, and this not by any default of the debior, but. by an act of Divine Providence, to which all must bow with submission. The recourse of the creditor for his debt was by this event altogether changed from a suit against the person to one against the property, and'it became perfectly immaterial to the creditor whether the debtor had died wiiliiu or without the limits of the State. His estate, in either case, was all that was left of him — all that could ho subjected to the discharge of his liabilities — and it was fixed to the spot in which it was left by the debtor, whether he were present or absent at, the time of his death. The fact of his dying abroad did not impede the grant of administration or the facility of subjecting the property to the payment of claims.. Ilis estate stood precisely on the footing that it would have stood had he died within the limits of the country. Tlie fact of death, let that happen where it may, being ascertained, the grant of administration, when applied for, and the subsequent proceedings necessarily follow.
Is there any reason, then, why the statute should not run in favor of the succession of an absentee in the same, way and to the same extent that it does-in fa.vor of (lie esiafe of a present deceased debtor? The vigilant creditor can, on either and with the like facility, force administration; and if lie do not, and his claim as against one he barred, there is no sound reason why it should not he precluded as against the other. The recourse against one is identical with that, against, the other, and the creditor should he held to the same degree of vigilance in either ease. .The death of English, then, placing his estate here upon the fooling that it would have occupied had he died in Texas, the statute, upon his death,'recommenced running, and the bar was complete before the institution of this suit.
It was contended that the fact of the death should have boon brought home to the knowledge, of Teal before the statute could he again sot in motion. This view of the law we apprehend to be, unsound. Four years elapsed from the death to the grant of administration, and if any allowance wore permitted— and I am of opinion that it might be in eases where the, statute would complete the bar. before the death of a debtor dying abroad could be ascertained — it would not he under circumstances like those of the present case. Ulore than one year, according to the testimony of one, and nearly two, according-to the testimony of another Witness, must have elapsed after the dead), before- *298 the completion of the bar, and the presumption is, that before the expiration of even the shortest period the death must have been known.
Note 104. — Ayres ¶. Henderson, ante, 539.
That the remedy on the mortgage was gone when the debt was barred has not been questioned in this case, and the point need not be considered. If this debt be still in fact unpaid, notwithstanding the great lapse of time, its loss is ■clearly imputable to the laches of the plaintiff. lie might have secured himself by enforcing administration; and notwithstanding the absence of the debtor, lie might have foreclosed the mortgage. The law provides remedies for the vigilant, and if the negligent fail to employ them, they cannot complain.
Judgment affirmed.