1r 119
83 606

CASE 24—PETITION ORDINARY— OCTOBER 16.

## Allen v. Hill's adm'r.
## Same v. Coalson.
## Same v. Whipple.

APPEALS FROM FRANKLIN CIRCUIT COURT.

1. Appellees, residents of Texas, sued appellant, a resident of Kentucky, to recover moneys paid by them in Texas in discharge of a judgment rendered in the latter State against all of them as joint obligors.
2. Appellant relies upon the Kentucky statute making the Texas statute of limitations applicable to the case.
3. Appellees insist that the exceptional clause in the Texas statute excludes them from its benefit (Hartley's Dig., 730), and that the Texas act of 1852 has the same effect.
4. *Held*, that the exceptional clause relied upon has no application to appellant, who was a resident of Kentucky when the causes of action accrued.
5. The Texas act of 1852 cannot be applied to him, inasmuch as he never removed to Texas at any time after appellees were entitled to their actions.
6. The uniform construction of the *proviso* by the Supreme Court of Texas is, that it does not apply to actions against persons not in the State, nor residing in the State when the cause of action accrued.
7. The act of 1852 applies only to such persons as remove to Texas. Thompson v. Berry, 26 Texas, 263, is not in conflict with this construction of the act.

JNO. & J. W. RODMAN FOR APPELLANT.

1. The appellant pleads and proves that he has paid $2,000 to the judgment creditor before the judgment was rendered.
2. There is no averment in the petitions that the Galveston district court had jurisdiction to render the judgment paid by the appellees.

3. The Kentucky statute of limitations gives to appellant, as a resident of Kentucky when the causes of action accrued, the benefit of the Texas statute of limitations barring actions on account in two years. (Gen. Stat., sec. 19, art. 4, chap. 71.)

4. The proviso to the Texas act of limitation has no application to the appellant, because he was a citizen and resident of Kentucky when the causes of action accrued.  The supreme court of Texas have construed this proviso as applicable only to persons who are residents of the State.  (5 Texas Rep., 347; 21 Texas, 556.)

5. The Texas act of 1852 does not apply to appellant.  It requires a removal from some other State to Texas before it is effectual.  Appellant has continued to reside in Kentucky ever since appellees might have sued him for contribution.  (Thompson v. Berry, 26 Texas Rep., 263, is not in point.)

HORD & TRABUE FOR APPELLEES.

1. It is true that the Kentucky statute makes the Texas statute applicable to this case, inasmuch as appellant was a resident of Kentucky, but the proviso to the Texas statute (Hartley's Dig., 730) cuts him off from any benefit under it.

2. That proviso, as construed by the Texas court of appeals, is, that if the appellant was without the limits of the republic of Texas when the causes of action accrued, he is excluded from the provisions of the act.  (Ayres v. Henderson, 9 Texas Rep., 539.)

3. The act of 1852 provides that no demand against any person who shall hereafter remove to this state (Texas), incurred prior to his removal, shall be barred until he shall have resided in the state twelve months. The supreme court of Texas, in Thompson v. Berry, 26 Texas, 263, review Snoddy v. Cage, 5 Texas, 106, and hold that the act of 1852 was intended to introduce a new rule.  The appellant is cut off by it from any benefit arising from the Texas statute.

4. There is no satisfactory proof of any payment whatever.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

It is conceded that the causes of action in these cases accrued in 1871, in the state of Texas, and that the appellant was then, and has ever since, up to the time of these trials, been a resident in, and citizen of, this state.

Our statute provides, in substance, that the Texas statute shall govern in these cases.  If suits brought in Texas upon these causes of action, at the time these suits were brought

in this state, would have been barred, then the pleas of the statute are good here.

The Texas act of 1841 provided a limitation of two years for such actions, with this *proviso:* "That if any person, against whom there is or shall be cause of action, is or shall be without the limits of this republic at the time of the accruing of such action, or at any time during which the same might have been maintained, then the person entitled to such action shall be at liberty to bring the same against such person or persons after his or their return to the republic; and the time of such person's absence shall not be accounted or taken as a part of the time of limitation." (Hartley's Digest, 730.)

The settled construction of this *proviso* by the courts of Texas seems to be, that it does not apply to actions against persons not in the state, nor residing there when the cause of action accrued. (Snoddy v. Cage, 5 Texas, 106; Love v. Doak, Ib., 343; Fisher v. Phelps, &c., 21 Texas, 556.)

But counsel contend that these cases fall within section 4 of an act of the legislature of Texas, passed in 1852, which reads as follows:

"No demand against a person who shall hereafter remove to this state, incurred prior to his removal, shall be barred by the statute of limitations of this state until he shall have resided in this state for the space of twelve months: *Provided*, That nothing in this section shall be construed to affect the 13th section of an act of limitation, approved February 5, 1841."

That section provides that no action shall be brought against any immigrant of Texas to recover a claim which was barred by the law of limitation of the country or State from which he immigrated.

We have been referred to but one case construing the act. of 1852. (Thompson v. Berry, 26 Texas, 263.)

That was a suit nominally against a citizen of Texas but. really against a citizen of Louisiana, on a cause of action. which accrued in the latter state, to recover slaves fraudu- lently removed, to·escape the process of the courts in that. state.

The act of 1852 applies in terms to such persons only as. remove to that state, and in Thompson v. Berry the court. intimates that such is its meaning. But it was there held. that, as the property had been brought into the state for the· fraudulent purpose of escaping the jurisdiction of the courts. of Louisiana, the case was within the spirit of that act; and that suit having been commenced within one year after the· slaves were brought into the state, and the cause of action not being barred in Louisiana, the plea of limitation was not: available. The court treated the presence of the property· as a substitute for the removal of the defendant to that state.. No reference whatever is made, in the argument of the court,. to the fact that the defendant who claimed the slaves was. personally before the court, which shows that the court re-· garded the removal of the defendant to the state, or some-· thing equivalent to it, as necessary to prevent the statute· from running in favor of one not a resident when the cause· of action accrued. The act of 1852 in terms applies only· to persons who shall *remove to Texas,* and Thompson v. Berry shows that it is so understood and construed by the· supreme court of that state; and the plea only failed in that· case because the fraudulent removal of the slaves to the state· brought the case within the spirit of the act; that is, the· court treated the removal of the slaves as equivalent to the: removal of the defendant.

Allen never removed to the state of Texas after these causes of action accrued.   He continued to reside here for more than four years thereafter, and if he had been transiently in Texas and served with process on the day these suits were commenced, and had pleaded the statute of limitation, the plaintiffs, on the facts appearing here, could not have avoided the plea by replication, because they could not have brought him within the act of 1852 by averring that he had removed to the state and had not resided there one year before the commencement of the actions.   Thompson v. Berry shows that such averments would be necessary to prevent the bar from operating.   The act of 1852 is not itself an act of limitation.   It is a mere saving by which limitation is prevented from running in certain cases, and in order that it may have that effect upon one who pleads the statute of 1841, it must be shown that he comes within the terms or spirit of the act of 1852.   There must be actual removal to the state, or that which is equivalent to it.

The judgments must be reversed, and the cause remanded for new trials upon principles not inconsistent with this opinion.