## J. J. BRICK v. ABRAHAM BUEL.

### No. 6089.

**1.   Vendor's Lien.**—Two joint owners of land make a partition and exchange deeds which on the face show a settlement between them of the values placed upon the part of the tract taken by each.   *Held,* that a subsequent purchaser without notice from the one owing upon the partition would take freed from the burden which had been assumed by his vendor.

**2.   Subrogation.**—One of two joint purchasers paying more than his proportion of the purchase money, when the rights of the vendor will not be affected thereby, is entitled to be subrogated to the vendor's lien for so much as has been paid over the proportion assumed by him in the purchase.

**3.   Extinguishment of a Debt.**—The extinguishment by payment or otherwise of a debt jointly owed by two parties will enure to the benefit of the parties in absence of any indication upon whose credit such payment or satisfaction was made.

APPEAL from Dallas.   Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*Stemmons & Field,* for appellant, cited Rev. Stats., arts. 3205, 3216; Porterfield v. Taylor, 60 Texas, 265; Sheld. on Subr., secs. 179, 46; Sawyer v. Lyon, 10 Johns., 321.

*R. E. Bumpass* and *Leake & Henry,* for appellee.

STAYTON, CHIEF JUSTICE.—In 1874 appellee and Louis Annin bought two contiguous lots in the city of Dallas, on which they paid $500 and gave notes for balance of the purchase money, which amounted to $300.

They soon after divided the lots and executed a deed between themselves which recited that Annin paid to Buel $500 for the part set apart to him, and that Buel paid to Annin $300 for the part conveyed to him.

This deed closes with the following provision: "Giving and granting each to the other full power to sell, lease, or otherwise devise his said portion of said lots as aforesaid."

Appellant holds the part of the lots conveyed to Annin through a chain of conveyance from him, and this he acquired for valuable consideration without notice that as between Buel and Annin the latter had agreed to

pay to their vendor or to Buel, on account of the inequality in the values of the parts they severally took, the sum of one hundred dollars, and to be bound equally with Buel for the payment of the balance thereafter remaining due on the purchase money note unpaid.

Annin never paid to the vendor nor to Buel anything on that note, but Buel paid about $170 on it at different times.

The holder of the purchase money note, the existence of which was recited in the deed to Buel and Annin, on April 29, 1878, obtained a judgment against Buel, in an action to which Annin was not a party, for the balance due on that note, which then amounted to $292, the note bearing 18 per cent interest per annum.

That judgment established a lien on the part of the lots set apart to Buel, and under an order of sale it was sold and bought by appellee for twenty-five dollars.

The balance of the judgment against Buel was satisfied, but the evidence tends to show that this was done by a person from whom appellant purchased that part of the lots in partition set apart to Annin, and does show that no part of this was paid by either Buel or Annin.

Buel brought this action against Annin on September 1, 1881, and alleged that in addition to the $25 for which his part of the lots sold he had paid in discharge of the purchase money note the sum of $438.03, one-half of which he seeks to recover. This sum, however, embraces the sum paid to satisfy the judgment against Buel, of which no part except the $25 for which Buel's part of the lots were sold was paid by him. Before the judgment against Buel was recovered he paid on the purchase money note only $171.03, and this with the $25 for which his part of the lots sold is all that he is shown to have paid on the purchase money note.

Buel also seeks to recover $100, one-half the difference alleged to have been agreed upon between him and Annin on the value of the parts of the lots taken by each of them, and he claims a lien on the parts of the lots conveyed in partition to Annin, and to enforce this Brick was made a defendant. A judgment was rendered in favor of Buel for $209, with establishment and foreclosure of lien as claimed.

It was alleged and proved that Annin left Texas in 1874, and had not since returned.

Appellant's answer, so far as necessary to be stated, consisted of a general denial, pleas of the statutes of limitation of two and four years, and that he purchased in ignorance of that part of appellee's claim for which he seeks to recover $100 to equalize the partition made between himself and Annin.

The charge of the court did not directly refer to the last claim, but it made the right of appellee to recover to depend on whether appellant was an innocent purchaser, and instructed the jury if they found against

Annin to find against appellant, unless they found him to be a purchaser for value without notice, actual or constructive.

The lien claimed was foreclosed to satisfy the entire sum found to be due by Annin to Buel, and it is insisted that the court erred in giving a charge which permitted the jury to establish a lien to secure the sum due from Annin to Buel to equalize the partition made between them in the absence of any evidence tending to show that appellant had notice of the agreement through which the partition was made.

The evidence not only failed to show that appellant had notice of that agreement, but affirmatively showed that he had no notice thereof and paid full value when he bought.

The deed through which Buel and Annin made partition recited that Annin had fully paid to Buel five-eights of the purchase money for the two lots and that Buel had paid to Annin three-eights of that sum, and thus evidenced that a full adjustment of all equities between them arising out of the partition had been adjusted and settled.

Under this state of facts we see no ground on which such a lien could be fixed on the part of the lots set apart to Annin in the hands of appellant.

The charge given was misleading in so far, and ought not to have been given without qualification, which some of the charges refused suggested.

The judgment rendered on the purchase money note executed by Buel and Annin was satisfied at some time prior to April, 1880, and the evidence tends to show that this was done by Monroe, from whom Brick purchased that part of the lots taken by Annin in partition.

The inference from the evidence further is that Monroe settled that judgment before Brick bought in order that he might pass title to the latter freed from lien for purchase money. If this be true we do not see on what ground appellee can be entitled to recover from appellant the sum adjudged to him in this case.

The record at most shows that Buel never paid more than $196.20 of the purchase money unpaid at the time the lots were purchased, and this includes $25 for which his part of the lots was sold under the judgment enforcing the vendor's lien. Whoever discharged that judgment must have paid $267 at least, and if this was done by one through whom appellant claims, then this enures to his benefit, and in the adjustment of equities between him and Buel the balance would be in his favor unless affected by computation of interest on each payment from time made.

Appellant through the recitals in the deed to Buel and Annin had notice that all the purchase money for the lots was not paid at the time they were purchased, and as Buel for this was equally bound with Annin, the remote vendor of appellant, it may be that it was incumbent on the latter to inform himself by whom this purchase money was paid, for the

law would affect him with notice that if this was paid by Buel, Annin and those holding under him would hold subject to the right of Buel to contribution, with right to lien through subrogation to enforce it, unless this right was surrendered through the claim in the partition deed before quoted.

Buel and Annin bought the lots on February 27, 1874, and on the next day executed the partition deed, which recited the full payment of the consideration running from the one to the other, unequal in amounts but together amounting to the sum paid and to be paid by them for the lots. It seems to us that these facts, taken in connection with the declaration in the partition deed that each gave to the other full power to sell or otherwise dispose of the share allotted to him, ought to preclude the claim that appellant had notice or was bound to inquire who had paid the purchase money due to the original vendor.

These facts tended to show that Buel and Annin had adjusted between themselves all equities that could otherwise arise between them, and ought to relieve one claiming through either of them from the duty of further inquiry.

If it should appear on another trial that the original purchase money for the lots unpaid at the time of the purchase was all subsequently paid, but that a part of this was paid by some one under no obligation to pay it to discharge himself or to relieve property in which he had become interested, and that the other part was paid by Buel, then the latter would be entitled to contribution from Annin and to subrogation to right of lien against one holding under him with *actual notice* of the facts; for in such case the voluntary payment of a part by a third person in the absence of evidence showing a contrary intention should be deemed a gift enuring to the benefit of Buel and Annin alike or to their vendees.

Contribution and subrogation in such case, however, would have to be based on the sum paid by Buel.

It is true that subrogation will not be made in favor of one of two common debtors who has only discharged a part of the common debt, so long as the residue stands undischarged, but this rule is for the protection of the creditor and its enforcement unnecessary when the entire debt has been discharged and the liability of the joint or common debtors to the creditor at an end and the facts ascertained on which the equities between themselves depend.

If Buel has any claim which he could ever have enforced against Annin it is not barred by limitation, for the period of his absence from this State can not be considered (Rev. Stats., art. 3216; Ayers v. Henderson, 9 Texas, 540; Teal v. Ayres, 9 Texas, 588), and so long as the bar does not exist in favor of Annin it does not exist in favor of his vendee, whose sole liability is through the property and not personal.

There is no possible ground under the facts of this case on which a claim for repartition could be sustained.

We have not referred to the assignments of error separately, but what has been said sufficiently indicates the matters of error and the rules applicable to the case.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 16, 1889.

Justice Henry did not sit in this case.