## SMITH *v.* GOODLETT.

### (*Nashville.* February 8, 1893.)

1. LIMITATIONS, STATUTE OF. *Of seven years does not protect mortgageor's heir against foreclosure suit.*

   Suit for foreclosure of mortgage or deed of trust on realty brought by the mortgagee or trustee against the heirs of the mortgageor more than seven years after his death, is not barred by the statute of limitations of seven years for the protection of the estates of decedents.

   Code construed: §§ 3119, 3483 (M. & V.); §§ 2281, 2786 (T. & S.).

   Cases cited: Henderson *v.* Tipton, 88 Tenn., 255; Love *v.* Welch, 88 Tenn., 259; Fitzsimmons *v.* Johnson, 90 Tenn., 441; Sigler *v.* Vaughn, 16 Lea, 346; Caldwell *v.* McFarland, 11 Lea, 463; Bomar *v.* Hagler, 7 Lea, 89; Williams *v.* Conrad, 11 Hum., 412; Stone *v.* Sanders, 1 Head, 248; State *v.* Crutcher, 2 Swan, 512; Foster *v.* Maxey, 6 Yer., 225; Pea *v.* Waggoner, 5 Hay., 1; Peck *v.* Wheaton, Mart. & Yer., 353; Wooldridge *v.* Page, 1 Lea, 135; Henry *v.* Mills, 1 Lea, 144; Smith *v.* Hickman's Heirs, Cooke, 330; Lewis *v.* Hickman, 2 Overton, 316.

2. INTEREST. *Allowed from date of note, when.*

   Interest runs from date, not from maturity, of note in the following language, to wit:

   "NASHVILLE, Sept. 9, 1879.

   "Twelve months after date we promise to pay to the order of A. W. Butler three thousand dollars, with interest at the rate of six per cent. per annum."

---

### DAVIDSON COUNTY.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

BAXTER SMITH for Smith.

M. C. GOODLETT for Goodlett.

CALDWELL, J. The bill in this cause was filed to foreclose a deed of trust.

On the ninth day of September, 1879, Wm. A. Prewitt and his wife, Mary E. Prewitt, executed their joint promissory note to A. W. Butler for $3,000, due in twelve months; and, on the same day, they conveyed to Baxter Smith, as trustee, with power of sale, a certain tract of land belonging to the said Mrs. Prewitt, to secure the payment of that note.

Mrs. Prewitt died "sometime in 1880," and Wm. A. Prewitt "in 1889."

On the twenty-eighth of February, 1890, the trustee filed this bill against the heirs of Wm. A. and Mary E. Prewitt and the administrator of Wm. A. Prewitt, to foreclose the deed of trust by a sale of the land, to pay a large balance alleged to be due on the note mentioned.

The defendants answered the bill, and, by way of defense, relied mainly upon the statutes of limitations of six years and seven years.

The cause was referred to the Master for an account. He reported $2,652.16 as still due on the note. Exceptions were overruled, and the report confirmed.

No personal decree was sought or granted against any one; but, on confirmation of the re-

port, it was adjudged and decreed that, unless the said sum of $2,652.16, with interest and costs, should be paid into Court within thirty days, the Master should advertise and sell the land described in the deed of trust, and apply the proceeds in payment of that sum.

From that decree the heirs appealed to this Court.

The principal contention of appellants is that the land in question descended to them upon the death of Mrs. Prewitt, in 1880, and that it is now protected in their hands under the Acts of 1715 and 1789 (M. & V. Code, §§ 3119 and 3483), more than seven years having elapsed after her death and after the maturity of the secured debt when this bill was filed.

Nothing is better settled than that those Acts established a positive prescription, not only barring the remedy, but actually extinguishing the right of action against the estate of a dead person, whether in the hands of the personal representative or in the possession of the heir. *Fitzsimmons* v. *Johnson*, 90 Tenn., 441; *Sigler* v. *Vaughn*, 16 Lea, 346; *Caldwell* v. *McFarland*, 11 Lea, 463; *Bomar* v. *Hagler*, 7 Lea, 89; *Williams* v. *Conrad*, 11 Hum., 412; *Stone* v. *Sanders*, 1 Head, 248; *State* v. *Crutcher*, 2 Swan, 512; *Foster* v. *Maxey*, 6 Yer., 225; *Rea* v. *Waggoner*, 5 Hay., 1; *Peck* v. *Wheaton*, Mart. & Yer., 353. See also *Wooldridge* v. *Page*, 1 Lea, 135, and *Henry* v. *Mills*, *Ib.*, 144.

That prescription has rightly been given a very broad scope. It has been held to apply not only to "creditors" and "demands," in the ordinary signification of those terms, but also to vendee of lands claiming under title-bond of the decedent, and asking a specific performance of his contract (*Smith* v. *Hickman's Heirs*, Cooke, 329; *Lewis* v. *Hickman*, 2 Overton, 316), and also to persons seeking to set up a resulting trust in land to which the decedent held the legal title at the time of his death. *Love* v. *Welch*, 88 Tenn., 259; *Henderson* v. *Tipton*, *Ib.*, 255.

But, notwithstanding the very comprehensive terms of those statutes, and the very liberal construction that has been given them in favor of the heir, we do not believe they were intended to embrace, or should be allowed to control, a case like that before us. The Court has never gone so far in construing them as appellants would now have us go; and we see no sound reason for extending the decisions heretofore made.

The lapse of seven years was never intended, under those statutes, to change title from one person to another. It does not divest title at all, or enlarge the estate of a deceased person, but only preserves his title or estate, whatever that may be, for his heirs. It saves for them absolutely what he *had*, but does not give them what he *had not*.

In the case at bar, Mrs. Prewitt had only an equity in the land when she died; that, and that alone, descended to her heirs, and is preserved to

them by lapse of time. The legal title was not in her, and, consequently, could not descend from her to them. It was in her trustee, who still holds it for the purposes of the trust. Lapse of time has not divested him of that title, nor impaired the interest of the beneficiary for whom he holds it.

Mrs. Prewitt could have regained her title only by payment of the secured debt, or by release on the part of the beneficiary. Her heirs could regain it in no other way. Neither payment nor release has been accomplished as a matter of fact or by lapse of time. The prescription, positive though it be, does not go so far as to destroy vested rights or extinguish an express lien.

A decree of foreclosure allows to the heirs of Mrs. Prewitt all the title she had in the land at the time of her death, and completely protects them in its enjoyment. It takes nothing from them. She then owned a bare equity in the land —a right to reclaim it by payment of the secured debt. The decree accords the same equity or right to her heirs. They are protected in all that she had, and have the same legal means of making it available, and regaining that with which she parted by her deed.

Nothing which can properly be said to have formed a part of her estate when she died, is taken from her heirs by a foreclosure of the deed of trust. Only that part of her estate which she had, by that instrument, previously divested herself

of, is denied to her heirs by a decree of fore-closure.

The interest she had in the land at death—nothing more, nothing less—passed to her heirs by descent; and that same interest, neither greater nor less, is confirmed to them absolutely by the positive prescription of the statutes under consideration.

Again, Mrs. Prewitt owned the land subject to the deed of trust. When she died her heirs took it subject to the same incumbrance, and that incumbrance was an express trust, against which no statute of limitations will run.

With reference to the account, appellants contend that it was error to allow interest on the note from date, when it did not mature until twelve months after date. The note is in this language:

"NASHVILLE, TENN., Sept. 9, 1879.

"Twelve months after date we promise to pay to the order of A. W. Butler three thousand dollars, with interest at the rate of six per cent. per annum."

Interest was properly allowed from date. The words "with interest" imply a promise to pay interest from date. They perform no other office in the contract, and could have been used by the parties for no other purpose. Without them the note would have carried interest from maturity as a matter of law. 2 Parsons on Notes and Bills, 392, 393.

Affirm, with costs.