JESSE W. SPARKS, *et al.*, COMPLAINANTS, APPELLANTS, *v.*
FIRST NATIONAL BANK, *et al.*, DEFENDANTS, APPEL-
LEES.

*(Nashville*, December Term, 1931.)

Opinion filed February 13, 1932.

W. B. Marr, for complainants, appellants.

Hancock & Hancock and H. B. Talley, for defendants, appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

In 1906 a Miss Wardlaw, then a resident of Tennessee, deposited with the Bank for safe keeping a silk glove containing valuable jewels. She soon thereafter removed from the State and died in jail in New Jersey, in 1910, presumably from voluntary starvation, pending her trial for murder. No public disclosure was made by the Bank of her deposit until in 1929, shortly before the bringing of this suit, and no claim had been made for the property during these years. Mr. Sparks had represented Miss Wardlaw as her attorney, and when she removed from the State she was indebted to him for services rendered. Unaware that she had property in the State, he took no

legal steps in her absence, or after her death, to set up or enforce his claim until February 7th, 1930, when he filed this bill, charging the facts and praying that an administrator be appointed to take possession of the property and sell same, and that the bill be treated as a general creditor's proceeding, all creditors be required to file their claims, etc.

The Chancellor at first appointed the Clerk & Master administrator, but later sustained demurrers to the original and amended bills on the ground that complainant Sparks was barred, both as to remedy and right, against the estate of the decedent by the statute of seven years, Shannon's Code 4483, Chap. 48, Sec. 9, Acts of 1715 (Code of 1858, sec. 2786), reading,—

"But all actions against the personal representatives of a decedent, for demands against such decedent, shall be brought within seven years after his death, notwithstanding any disability existing; otherwise they will be forever barred."

Construing this Section, together with Sections 4014, 4448 and 4449, dealing especially with the claims of persons under disabilities, this Court has repeatedly held that the limitation of seven years for the protection of estates of decedents not only bars the remedy, but extinguishes the right of action against a dead person's estate, and affords an absolute and unconditional protection against the suits of all persons, whether under disability or not. *Fitzsimmons* v. *Johnson,* 90 Tenn., 416, 441, 442; *Henderson* v. *Tipton,* 88 Tenn., 258; *Smith* v. *Goodlett,* 92 Tenn., 232; *Jones* v. *Whitworth,* 94 Tenn., 635; *Bass* v. *Carson,* 162 Tenn., 518.

It is urged for appellant that the facts of this case take it out of the seven year statutes because, (1) the

decedent became a non-resident after the cause of action accrued and so continued,—invoking the saving provision in Section 4455 of Shannon's Code as to non-resident debtors; and, because, (2) there was no personal representative against whom action could be commenced until the filing of this bill and the appointment thereunder, and (3) because the bill shows a fraudulent concealment of the property in this State until immediately before the bringing of this suit.

■ It is plausibly argued that despite the death of the debtor while a non-resident, her status continues indefinitely to be that of non-residence, and the statutes of limitation continue to be suspended indefinitely, but the authorities hold otherwise. Under the sub-head, "Absence of Decedent from State at Time of Death," it is said in 24 C. J., page 789,

"Although at the time of a decedent's death limitation was not running in his favor because of his absence from the State, his decease sets the Statute in motion, unless he was absent when the cause of action accrued," etc., citing cases.

In a foot note the following language is accredited to *Teal* v. *Ayres*, 9 Tex., 588.

"The decedent's estate stands precisely on the same footing as it would have stood had he died within the limits of the State, and the fact of his dying abroad does not impede the grant of administration or the facility of subjecting the property to the payment of claims. Whether the debtor is a resident or nonresident, the vigilant creditor can with like facility force administration, and if he does not and his claim as against one is barred, there is no sound reason why it should not be precluded as against the other."

A leading case cited is *Savage* v. *Scott*, 45 Ia., 130, 134. The following quotation from that opinion is directly in point:

"The statute ceases to run upon the debtor becoming a non-resident; when that disability is removed it resumes its operation. To be a non-resident of this State, one must be a resident elsewhere. The word non-resident implies that one so described holds a residence in another place. But we cannot say of a deceased person that he is a non-resident, for he holds a residence nowhere. The disability of non-residence is removed in case of death.

"This view is supported upon the consideration that on the death of a debtor claims which, in his life, were enforced by personal actions against him become the subject of proceedings prescribed by law against his administrator or executor. The personal representative takes the place of a deceased. The creditor has it in his power, if property of the estate be found here, to cause an administrator to be appointed, without delay, against whom proceedings may be at once instituted. His legal remedy, which was suspended by the debtor becoming a non-resident, is revived at the debtor's death. From the moment the remedy is revived, the statute of limitations begins again to run. These views, and the conclusion we reach, are sustained by the following authorities: *Christophers* v. *Garr*, 6 N. Y. (2 Seld.), 61; *Teal* v. *Ayres*, 9 Texas, 588."

While the language of the statute (Shannon's Code, 4483) reads, "actions against the personal representatives," in view of the broad application given by this Court to the statute as protective of the estate of the decedent, and as extinguishing the right of action against such estates, and the obvious remedy of the creditor to

procure the appointment of a personal representative as a formal defendant to an action to reach and subject a decedent's estate, we are unable to hold that this situation saved the running of the seven year statute. Moreover, it is to be observed that the statute provides that all actions ''shall be brought within seven years after his death,'' that is the death of the debtor, ''otherwise they will be forever barred,'' thus clearly relating the running of the statute to the date of the death of the decedent, not the appointment of the representative.

 While there is authority for the position that fraudulent concealment of the right of action suspends the running of a limitation statute, (1) this rule has application to a concealment of the right of action, rather than to the property or assets of the debtor, and (2) we are not of opinion that the bill charges a fraudulent concealment of the facts in such sense or degree as to bring this rule of exception into effect.

In view of our holdings, *supra,* that the right of action is under our statute extinguished by the lapse of seven years, none of the grounds of exception can avail. While neither of the exact situations appear to have been directly presented and dealt with in our cases, the general principle announced is decisive. When not only the remedy, but the right of action itself is extinguished, no claim remains to be asserted as the basis of a suit.

It results that we find no error and the judgment must be affirmed.