930

## BROCK et al. v. SIRMANS.
### No. 6186.

Circuit Court of Appeals, Sixth Circuit.
March 18, 1933.

---

Carroll E. Byron, of Owensboro, Ky. (E. B. Anderson, of Owensboro, Ky., and Butts & Wright, of Cisco, Tex., on the brief), for appellants.

T. E. Sandidge, of Owensboro, Ky. (O. L. Fowler and Sandidge & Sandidge, all of Owensboro, Ky., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

These suits were brought in a state court in Kentucky on promissory notes executed to plaintiffs in the state of Texas, and made payable ten months after date at a bank in that state. The defendant, being a nonresident of Kentucky, removed the suits to the United States District Court for the Western District of Kentucky, where he filed answers pleading inter alia that the actions were barred by the Texas statute of limitations. To these pleas the plaintiffs filed replies relying, in avoidance thereof, upon an absentee provision in the Texas statute, and alleging that at the time of the execution of the notes the defendant was a resident of the state of Texas; that within one month thereafter, and prior to the maturity of the notes, he left the state and became a nonresident thereof, and had since been continuously absent therefrom. Demurrers were sustained to the replies, and, the plaintiffs declining to plead further, their petitions were dismissed. On the original hearing before us we affirmed,[1] but upon reconsideration have reached a different conclusion.

---

[1] No opinion filed.

It is conceded that the question here presented is governed by the statutes of limitation of the state of Texas (Kentucky Statutes, § 2542), and that this court is bound by the construction placed on these statutes by the highest court of that state. Palmer v. Texas, 212 U. S. 118, 131, 29 S. Ct. 230, 53 L. Ed. 435. It is also conceded that the action is barred by the Texas statutes (article 5527, Revised Civil Statutes of Texas), unless avoided by the appellee's absence from the state (article 5537, Revised Civil Statutes of Texas). The latter statute provides that "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be counted or taken as a part of the time limited by any provision of this title."

The appellants contend that the Texas courts have construed this statute as applying to an obligor who was in the state at the time the obligation was assumed, regardless of his presence therein or the status of his residence at the time of the accrual of the cause of action thereon. The appellee contends, and the lower court held, that the statute has no application to an obligor who was not in the state or not a resident thereof at the time the cause of action accrued, though he may have been a resident of the state at the time the obligation was assumed.

There is no decision in Texas in which the question has arisen in the precise circumstances presented in the case at bar. The nearest analogies are Ayres v. Henderson, 9 Tex. 539, and Brick v. Bual, 73 Tex. 511, 11 S. W. 1044. In the first of these cases the court held that, by virtue of the absentee statute, limitation did not commence to run during the lifetime of the maker of a note who had removed from the state and died, and a recovery was permitted, although the deceased left the state before the note became due and never returned. There is, it is true, much language in other opinions of the Supreme Court and the Court of Civil Appeals of Texas which might lead to the conclusion that the absentee provision applies only where the obligor leaves the state after the cause of action accrues.[2] These state-

---

[2] Lynch v. Ortleib, 87 Tex. 590, 30 S. W. 545; Huff v. Crawford, 88 Tex. 368, 30 S. W. 546, 31 S. W. 614, 53 Am. St. Rep. 763; Habermann v. Heidrich (Tex. Civ. App.) 66 S. W. 106, 795; Watts v. McCloud (Tex.

ments, in our opinion, are dicta, for an examination of the cases discloses that in each of them the right out of which the cause of action accrued and the cause of action itself arose at the same time, and none of the decisions purports to differentiate between these circumstances. Furthermore, none of them states that the absentee statute is not applicable when the obligor was within the state at the time the obligation was incurred but was not within the state when the cause of action accrued. Therefore it seems to us that the cases which have sustained the application of the provision to an obligor who was a resident of the state at the time the obligation was assumed but left the state before the cause of action thereon accrued, or contain statements to the effect that the residence of the obligor in the state at the time the obligation was incurred is sufficient to put the statute in effect, must be considered the law of the state. Ayres v. Henderson, supra; Brick v. Bual, supra; Wilson v. Daggett, 88 Tex. 375, 31 S. W. 618, 53 Am. St. Rep. 766; Bemis v. Ward, 37 Tex. Civ. App. 481, 84 S. W. 291. The rule of these cases is not affected by decisions, such as Snoddy v. Cage, 5 Tex. 106, holding that the provision is inapplicable to an obligor who has never been a resident of the state.

After a full discussion of the statute in Graham v. Englemann (D. C.) 263 F. 166, 171, Hutcheson, J., said: "The controlling question under the Texas decisions is the presence of the defendant in the state, either at the time of the accrual of the right out of which the cause of action grew, or at the time of the accrual of the cause of action itself." This interpretation seems to us to represent the authoritative construction given the statute by the state courts so far as it can be ascertained from the points actually decided apart from that which must be conceded as dicta in the opinions. Alley v. Bessemer Gas Engine Co., 262 F. 94 (C. C. A. 5), is not to be taken as contra, for in that case, like many others relied upon by appellee, the right underlying the cause of action and the cause of action itself accrued at the same time, and it was not necessary to distinguish between the two. Allen v. Hill's Adm'r, 78 Ky. 119, is also in this class, but, were it otherwise, it could only be persuasive in the absence of an authoritative construction by the Supreme Court of the state where the statute is in force.

It is admitted that in most of the states where similar statutes are in effect they are applied alike to residents and nonresidents of the state at the date of the accrual of the cause of action. If the interpretation which we have placed upon the decisions of the Texas courts is not correct, the state court construction is at least in such doubt as to justify us in adopting our own. Concordia Ins. Co. v. School Dist., 282 U. S. 545, 553, 51 S. Ct. 275, 75 L. Ed. 523. From that point of view, we should feel inclined to follow the general rule in the absence of some provision in the statute itself forbidding such action. The terms of the statute seem to us to provide for its application to one who, residing in the state, made a contract, and before it matured departed from the state, not to return again, just as definitely as to a resident of the state who departed therefrom after the maturity of the obligation.

The order of affirmance is set aside, and the judgment of the court below reversed.

Civ. App.) 205 S. W. 381; Kuhlman v. Dickson (Tex. Civ. App.) 233 S. W. 338.