## A. H. PHILLIPS v. JAMES S. HOLMAN.

A., being owner of certain certificates of stock, entered into an agreement with B., by which he assigned and transferred such stock to B., who engaged to dispose of it in such manner as would in his judgment be most profitable and productive, and on settlement A. was to be allowed the original cost of the stock and one half of the profits to be realized in its disposition by B., and B. was to be entitled to the other half of the profits; and no time was limited in the contract for the performance by B. of his obligations to dispose of the stock, or to account to A. therefor: *Held*, that the contract did not create in B. that kind of technical and continuing trust which is unaffected by the statute of limitations.

Phillips v. Holman.

Such a contract implied that it should be performed within a reasonable time, and devolved upon B., after the lapse of a reasonable time, the obligation to account to A.

The time when the statute of limitations would begin to run upon such a contract, would perhaps be when A. would be entitled to call for and enforce an account from B., either because a reasonable time had elapsed for the disposal of the stock by B., or because he had in fact made a disposition of it, which had come to the knowledge of A.

In this case, the evidence seemed to establish that B. parted with the certificates of stock in 1838, and in lieu thereof became possessed of certain Galveston city lots, which lots were sold in 1840, and a portion of their proceeds was paid over to A.; *held*, that this was such notice to A. as entitled him to call for a full account from B., and that the statute of limitations began to run from the time of such notice.

It is settled that the clause of our statute of limitations which excludes from the period limited by the Act the time of the debtor's absence from the State, applies to each departure of the debtor from the State and includes the whole time of his absence.

When the defendant has shown facts which set the statute of limitations in motion in his favor, the burden devolves upon the plaintiff to show that the defendant had been absent from the State for such periods as would, if taken from the whole time from the accrual of the cause of action to the institution of the suit, reduce the time to less than four years. In plainer terms, it devolved on the plaintiff to show that the defendant had not been in Texas, four years in all, between the time when the cause of action accrued and the institution of the suit.

The plaintiff, however, is not required, in such a case, to prove the precise periods of the defendant's absence; but it will suffice for him to establish facts from which the jury may reasonably conclude that the defendant had not been within the limits of the State four years in the aggregate, between the accrual of the cause of action and the institution of the suit. Such facts being shown by the plaintiff, it then devolves upon the defendant to rebut by evidence the conclusion to which such facts conduce.

See this case for an application to evidence of the foregoing principles with regard to the statute of limitations.

APPEAL from Travis. Tried below before the Hon. A. W. Terrell.

This suit was instituted by the appellant, Phillips, against the appellee, Holman, on the 27th day of March, 1857. The plaintiff alleged in his petition that, on or about the 18th of May, 1838, he and the defendant entered into a contract by which it was agreed that plaintiff "should assign and transfer to said Holman seven shares of Galveston city stock, the original cost of which was $275

for each share. Said Holman agreed to use said shares of stock as in his judgment would make it most profitable or productive. On settlement of accounts, your petitioner was to be allowed the original cost of $275 for each share and one-half of the profits arising from the use of said stock. Said Holman was to receive the other half of all profits arising from the same." The petition then proceeded to aver performance by the plaintiff, and alleged that in the year 1840 the defendant sold and disposed of the stock, making a profit of $2150. Plaintiff further alleged that the defendant absented himself in the year 1840 from the Republic of Texas, and that until within the last twelve months before the filing of the petition he had been without the limits of the Republic and State of Texas, and during all that time had had no fixed place of residence. Plaintiff prayed for judgment against defendant for the sum of $3000, and legal interest thereon since the year 1840.

By an amended petition, the plaintiff averred that by virtue of the contract, the defendant became a trustee and liable to him as such; that by means of certain transactions specifically set forth, the defendant had, before his departure from the Republic in 1840, converted the stock into city lots of the city of Galveston, and had realized upon the stock $2000 per share; and prayed for judgment for the sum of $7960, and interest from November 7th, 1840. The plaintiff made several other amendments, of which, in view of the opinion of the court, it is not necessary to take particular notice.

The defendant by his answer and several amended answers, pleaded various defences, and among others the statute of limitations of four years, and averred his frequent and open returns to and presence in the State, after his departure therefrom in 1840; and alleged sundry payments to plaintiff on account in 1840.

The opinion sufficiently recites the substance of the evidence adduced under these pleadings.

At the Spring term 1859, a trial was had, and there was verdict and judgment for the defendant; a motion for a new trial, and a motion in arrest of judgment made and overruled; and the plaintiff appealed.

The fifth instruction asked by the plaintiff and refused by the court, to which reference is made in the opinion, was as follows: "If the jury believe that Holman absented himself from Texas in 1840, and from that time until suit was brought was a transient person in Texas, was only temporarily here and had no fixed place of residence in Texas, it is incumbent on the defendant to show that he was in Texas a sufficient length of time, all taken together, to entitle him to the benefit of the statute of limitations; and positive proof of the entire periods of absence of defendant is not required of plaintiff."

*W. L. & C. L. Robards,* for appellant.—1st. If Holman had retained possession of the stock up to the institution of this suit, Phillips could have compelled him either to transfer or execute the trust, and account, and the statute would have been no bar. If a trustee is in possession and does not execute the trust, the possession of the trustee is the possession of the *cestui que trust;* and his possession does not operate as a bar, because his possession is according to his title. (Ang. on Lim., 161; Kane v. Blood-good, 7 Johns. Ch. R., 90.) If it is a "technical and continuing trust," and not cognizable at law, the statute will be no bar. (Id., 111; Tinnin v. Mebane, 10 Tex. R., 246; Sayles' Prac., 131, 132.)

If Phillips had sued for a re-transfer, or to enforce the execution of the trust, it would have been a remedy of exclusive equitable jurisdiction. (2 Story Eq. Jur., sec. 960.) But as Holman did partly execute the trust, but failed to account, the question arises, when did the statute commence running? From the many cases upon this point, we may safely deduce the following rules: 1st. The statute commenced running when Phillips had the right to demand, and did or should have demanded, of Holman an account and settlement. 2nd. That his right to demand an account and settlement accrued when Holman had "used" the stock and Phillips had notice thereof. (7 Johns. Ch. R., 90; 9 Pick. R., 212; 4 Serg. & Rawle R., 310; 10 Pick. R., 112; 17 Tex. R., 472; 15 Tex. R., 1; Sayles' Prac., 132.) The statute commences to run when the plaintiff demands of the defendant his share of the

proceeds, and the defendant has rendered his account. (Murry v. Coster, 20 Johns. R., 576.)

But in this case, it is not averred nor proven that Phillips ever made any demand, that he ever had notice of the use made of the shares, that Holman ever rendered any account of the profits, or that he ever claimed adversely. We therefore contend that the statute never did commence running in this case.

But granting for argument's sake, that Phillips had notice of the use which Holman made of the stock, and also his right to demand an account in 1840, we still maintain that he sued in time and brought himself within the exception of the statute. Hart. Dig., art. 2395. We cite the following cases, and deduce therefrom the following rules: 1st. The defendant must return with the design to *dwell* in the State. 2nd. That his return must be known to the plaintiff, or must be of such a character that the plaintiff, by reasonable diligence might have known it. (White v. Bailey, 3 Mass. R., 273; Tuttle v. Blunt, 16 Pick. R., 359; Crosby v. Wyatt, 11 Shepley's Maine R., 160; Hill v. Bellows, 15 Ver. R., 727; Byrne v. Crowninshield, 1 Pick. R., 262.)

*Hancock & West*, for appellee.

BELL J.—The only questions which we deem it necessary to discuss in this case, arise upon the plea of the statute of limitations. We do not think that the contract between the parties created in Holman that kind of "technical and continuing trust" which cannot be affected by the statute of limitations. It is true, the contract did not contemplate any particular period of time within which it was to be performed; but it nevertheless implied that it should be performed within a reasonable time, and devolved upon Holman the obligation, after the lapse of a reasonable time, to account to Phillips upon the contract. The time, when the statute of limitations would begin to run upon this contract, would perhaps be when Phillips would be entitled to call upon Holman for an account, and to enforce an account. This right would arise in Phillips, either because a reasonable time had elapsed for Hol-

man to have performed the contract by disposing of the certificates of stock which were placed in his hands, or because he had in fact made some disposition of the stock, of which Phillips became informed.

If, as the evidence seems to establish, Holman parted from the certificates of stock in 1838, and in lieu of them became possessed of lots in the city of Galveston, which lots were sold in 1840, and a portion of the proceeds of the sales paid over to Phillips, this would be notice to Phillips of such proceedings on the part of Holman as would entitle him to call upon Holman for a full accounting; and from that time the statute of limitations would begin to run. Holman pleaded the statute, and Phillips replied that Holman left the Republic of Texas in 1840, and remained away until the annexation of Texas to the United States, and after annexation still remained absent from the State of Texas until the latter part of the year 1856. The evidence shows that Holman left the Republic of Texas in 1840, and was generally absent for several years. One witness states that he saw him in the city of Galveston in 1844 or 1845. Another witness states that he saw him in Texas in 1842, in 1843, and in 1844,—that he saw him again in 1848, met him frequently during the intervals between the sessions of the legislature, and thinks that he was in attendance on almost every session of the State legislature. When this witness saw him in 1842, and 1843, it was at the town of Washington, and he thinks Holman was in attendance on the Texas congress.

It is settled that the clause of our statute of limitations which declares that the time of the debtor's absence from the State shall not be taken or accounted as part of the time limited by the Act, includes each departure from the State and the whole time of absence. (Fisher v. Phelps, Dodge & Co, 21 Tex., 551.) In the present case after Holman had shown facts which set the statute of limitations in motion in his favor, the burthen was upon Phillips to show that Holman had been absent from Texas for such periods of time, as would, if taken from the whole period of time from the accrual of the cause of action to the institution of the suit, reduce that period to less than four years; or, to state the proposition in

SUPREME COURT.

Phillips v. Holman.

plainer terms, it devolved upon Phillips to show that Holman had not been in Texas, four years in all, between the time when the cause of action accrued, and the institution of the suit. But we are of opinion that the jury might well find that fact upon evidence, for example, that Holman left Texas in 1840, and had not returned to Texas in 1850. In other words, we do not think the burthen was upon Phillips to show the precise periods of time during which Holman was absent from Texas from the time the cause of action accrued until the institution of the suit. This would be too heavy a burthen upon the plaintiff, and would require him to make proof, which in many cases, resting upon facts such as are developed by the testimony in this case, it would be impossible to make.

We think that when Phillips had shown facts from which the jury might reasonably conclude that Holman had not been in Texas four years between the time of the accrual of the cause of action and the institution of the suit, it then devolved upon Holman to rebut such reasonable conclusion, by showing the contrary. This view leads us to the conclusion that the court below erred in refusing to give the fifth in number of the instructions asked by the counsel for the plaintiff; for which error the judgment is reversed and the cause remanded.

Reversed and remanded.