### J. H. BEMIS v. W. B. WARD.

Decided December 17, 1904.

**1.—Limitation—Absence From State.**

Where the maker of a note resides in the State for four years next after its maturity, but is absent from the State a part of that time, the note is not barred by limitations, as his absence interrupts the running of the statute for the time he is away.

**2.—Same—Four Years' Absence.**

Where a note was overdue but not barred by limitations at the time the maker permanently removed from the State, the fact that he remained away for four years did not make limitations available to him or a defense in a suit brought against him for the debt on his return to the State.

Appeal from the District Court of Marion. Tried below before Hon. P. A. Turner.

*Glass, Estes & King,* for appellant.

*W. T. Armistead* and *F. H. Prendergast,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was brought by appellee on a promissory note against J. H. Bemis, appellant, and H. D. K. Bemis, W. N. Bemis, C. H. Bemis and H. E. Bemis. The defendant, H. D. K. Bemis plead coverture; and all the defendants plead the statute of limitation of four years. They alleged that they resided in Texas for more than four years after the note became due; that they left Texas about the 1st day of October, 1897, more than four years after the note fell due, and have permanently resided beyond the limits of said State since that time, and have never returned to the State; and that more than four years elapsed between the time they permanently left the State and the filing of appellee's original petition, on May 18, 1903.

Appellee dismissed his suit as to W. N. Bemis, C. H. Bemis and H. E. Bemis, and judgment was rendered in favor of appellee, against appellant, J. H. Bemis, for the amount of the note and interest thereon from July 12, 1892, at the rate of eight percent, and that he take nothing of H. D. K. Bemis. This appeal is prosecuted by J. H. Bemis only.

We adopt the trial court's conclusions of fact, which are not controverted, as follows:

"First. That J. H. Bemis lived and resided, before the time said note matured, in Texas, from July 12, 1892, until November, 1897;

that in November, 1897, he moved from Texas with his family, permanently, to Prescott, Arkansas; that he resided in Prescott, Arkansas, until 1901, and then removed to St. Louis, Missouri, where he has since resided, and that he has never returned to Texas, since leaving in 1897. He lived and resided in Texas when said note was executed.

"Second.  I find that from July 12, 1893, the time said note matured, to November, 1897, the defendant, J. H. Bemis, was absent from the State of Texas, once on a trip to New York, in 1894, for the period of one month, and once, in 1895, he was absent from Texas on business or pleasure for a period of twelve weeks.  That in 1895 and 1896, on other occasions, he was absent from the State as much as two months; and that altogether, from the time the note sued on matured until this suit was filed, J. H. Bemis was not actually in Texas as much as four years.  This suit was filed May 18, 1903.

"Third.  I find the note sued on has not been paid, and that J. H. Bemis is liable thereon, and the attachment, described in the judgment herein, is a lien on the land therein described."

The contention of appellant is that, "Where the maker of a note resides in Texas for more than four years from the time the note became due, action on said note is barred by the statute of limitation of four years, and the running of the statute is not interrupted by such person going beyond the limits of the State on business or pleasure, where he does not change his residence from the State, but continues to reside in the State during the full period of four years."  The reverse of this contention, we think, is held by the following decisions of our Supreme Court.  Fisher v. Phelps, 21 Texas, 551; Phillips v. Holman, 26 Texas, 281.

In the case of Fisher v. Phelps, supra, it was shown that the debtor, a resident of this State, had absented himself from the State on two occasions, each for the period of two or three months.  Excluding this absence from computation, the claim would not be barred.  The court, in discussing this question, reviewed the holdings of some of the other states, and held that under the provisions of article 3367, Revised Statutes, the periods of both absences must be excluded from the computation.  This holding is in harmony with the statute, and we know of no decision of this State to the contrary.

It is also contended that, "Where a person resides in the State of Texas at the time of the accrual of a cause of action against him, and then permanently removes from the State, and remains more than four years, a suit on a note against him can not be maintained in this State, unless he returns to the State, provided he pleads the statute of limitation of four years in bar of plaintiff's right to recover on the note."

We do not concur in this contention, but believe the very reverse is correct.  Bemis was a resident of the State when the obligation was incurred, and when he left the State permanently in 1897 the note was not barred by limitation, and by his leaving the statute of limitation was suspended until the time of bringing this suit, at which time the note was not barred, although more than four years had elapsed from the time he left until the bringing of this suit.  Ayers v. Henderson, 9 Texas, 539; Teal v. Ayers, 9 Texas, 588.

In Wilson v. Daggett, 88 Texas, 376, the court approves the doctrine in Ayers v. Henderson. If the statute of limitation is suspended by the removal of the debtor to another state, there is nothing to put it in operation again except his return to the State. If he fails to return, the creditor has a right to sue on the obligation and recover.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.