**Richard F. LOOMIS, Jr., Appellant,**

v.

**SKILLERNS–LOOMIS PLAZA,
INC., Appellee.**

**No. 20164.**

Court of Civil Appeals of Texas,
Dallas.

Jan. 10, 1980.

Rehearing Denied Feb. 6, 1980.

Wm. Andress, Jr., Dallas, for appellant.

Don Black, Marks & Black, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

ROBERTSON, Justice.

Appellee, Skillerns-Loomis Plaza, Inc., filed this action to recover a $7,200 debt evidenced by a letter agreement. Appellant, Richard F. Loomis, Jr., counterclaimed for back rent due under a lease into which the parties had previously entered. The trial court entered judgment as a matter of law for Skillerns on its claim, and based on the jury's answers to special issues, entered judgment that Loomis take nothing by his counterclaim. We affirm.

On July 7, 1970, Skillerns entered into a lease with Loomis, whereby Loomis agreed to lease to Skillerns space in a certain shopping center. On June 28, 1971, Loomis assigned his interest in this lease to a third party. On July 1, 1971, the letter evidencing the debt that is the basis of Skillerns' claim was signed by both parties. Loomis agreed therein to pay Skillerns $7,200 within ten days after Skillerns' store opened for business. The recited consideration was as follows: 1) cancellation and termination of an agreement contained in a letter dated June 24, 1970, and 2) execution by Skillerns of an addendum dated June 30, 1971, to the lease. Skillerns opened their store for business on May 22, 1972 (ten days thereafter being June 1, 1972).

Loomis' first point of error is that the trial court erred in instructing a verdict because a fact issue exists concerning whether the four-year period of limitations had expired on Skillerns' cause of action. *See* Tex.Rev.Civ.Stat.Ann. art. 5527 (Vernon Supp. 1980). This action was commenced by Skillerns filing its petition on May 27, 1976, and citation issued that same day. Skillerns submitted, on June 22, 1976, a motion under rule 106 of the Texas Rules of Civil Procedure for authorization to serve citation by attaching it to the door of Loomis' business office. This request was denied. On June 25, 1976, counsel for Skillerns had a telephone conversation with Loomis, wherein Loomis agreed that Skillerns' counsel could mail him a copy of the citation and he would voluntarily prepare an answer. On August 9, 1976, Loomis having taken no action, Skillerns resumed its efforts to obtain substituted service by filing a motion for service by certified mail. This motion was also denied. The court finally granted a motion on August 18, 1976, to allow service on anyone over sixteen years of age at Loomis' usual place of abode. Citation was served on August 27, 1976, and trial was had thereafter.

■ While Skillerns' suit was filed within four years of the accrual of its cause of action, mere filing of a suit will not interrupt the running of limitations if diligence is not employed in obtaining the issuance and service of citation. *Rigo Manufacturing Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970). Skillerns contends that its diligence was established as a matter of law by its uncontradicted testimony, which set forth the facts stated above to explain its delay. We need not decide this question, however, as we agree with Skillerns' alternative contention that limitations had not run even at the time service was had on Loomis, because of Loomis' admitted absence from the state during part of the period of limitations.

■ Texas courts have long held that the time during a person's absence from the state, for whatever purpose, will not be included in calculating the period of limitations. *Robin v. Ely & Walker Dry Goods Co.,* 137 S.W.2d 164, 167 (Tex.Civ.App.—Austin 1940, writ ref'd); *Bemis v. Ward,* 37 Tex.Civ.App. 481, 84 S.W. 291, 292 (1904, writ ref'd); *see* Tex.Rev.Civ.Stat.Ann. art. 5537 (Vernon 1958). The supreme court has

stated that this includes each departure from the state and the whole time of each absence. *Phillips v. Holman*, 26 Tex. 276, 281 (1862); *Fisher v. Phelps, Dodge & Co.*, 21 Tex. 551, 560 (1858). In this regard, Loomis testified as follows:

Q. Can you give us any idea as to what the frequency is that you are required to be outside the State of Texas?

A. No sir, I can't. I'm gone quite a bit, but I can't tell you what the percentage would be.

Q. Would you say out of a thirty-day period you would be out of the State for at least two days?

A. Yes, I would.

Q. And this condition existed back in 1972?

A. This condition has existed long prior to that time and still exists. Yes, to your answer. Excuse me.

On the basis of this uncontradicted testimony by appellant, the trial court could only conclude that between June 1, 1972, the date Skillerns' cause of action accrued, and August 27, 1976, the date citation was served, Loomis had not been in this state for four years, the pleaded limitations period. Thus, limitations had not run on Skillerns' cause of action at the time Loomis was served.

■ Loomis' second point of error contends that the letter, which forms the basis of the debt sued upon, was without consideration, and, therefore, the trial court erred in entering an instructed verdict for Skillerns. His argument is based on the fact that when the letter was signed he had assigned all his interest in the lease and thus the consideration recited in the letter, which Loomis apparently contends relates to that lease, did not flow to Loomis personally. We cannot agree with this contention. It is immaterial from or to whom consideration moves, even if the promisor receives no personal benefit. *Minton v. Riverside State Bank*, 399 S.W.2d 196, 198 (Tex.Civ.App.—Fort Worth 1966, no writ); *Wichita Falls Electric Co. v. Huey*, 246 S.W. 692, 696 (Tex.Civ.App.—Amarillo 1922, no writ). Since the adequacy of the consideration is not disputed, we overrule this point of error.

■ Loomis' third point of error complains of the trial court's exclusion as hearsay of an architect's letter of completion, required by the lease to establish Skillerns' liability for rent. Loomis has failed to indicate any exception to the hearsay rule under which this letter would be admissible, but instead contends that the letter was not hearsay. While it is possible that if the letter had not been intended to prove the truth of the matters contained therein, it could have been admitted for a limited purpose, thus avoiding the hearsay rule, no such contention was made in the trial court. *American Founders Life Insurance Co. v. Wehling*, 561 S.W.2d 911, 917 (Tex.Civ.App.—Austin 1978, no writ); *O'Connor v. National Motor Club of Texas, Inc.*, 385 S.W.2d 558, 560–61 (Tex.Civ.App.—Houston 1964, no writ); 1C McCormick & R. Ray, Texas Law of Evidence § 781 (Texas Practice 2d ed. 1956). Therefore, the trial court properly excluded the architect's letter as hearsay, and, accordingly, this point of error is overruled.

■ Loomis' fifth point of error complains that the trial court erred in excluding parole evidence of the modification of the lease agreement after its execution. Our reading of the testimony contained in Loomis' bill of exception fails to reveal any agreement between the parties to modify the pre-existing lease, but rather evidences only negotiations. Even if an agreement were evident in the bill, Loomis has failed to show the relevancy of such a modification, and we are unable to discern it from the record. Exclusion of evidence is not error unless the appellant brings before the appellate court a record which shows not only what the evidence would have been, but also its relevance. *Merrifield v. Seyferth*, 408 S.W.2d 558, 562 (Tex.Civ.App.—Dallas 1966, no writ). We, therefore, overrule this point of error.

We have thoroughly reviewed the record and the legal authorities cited by Loomis to support his remaining points of error relat-

ing to his counterclaim, and find that these points of error are without merit. Consequently, all of Loomis' remaining points of error are overruled.

The judgment of the trial court is affirmed.