**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-12-00496-CV**

———————————

**EDDIE MEDINA, JR., Appellant**

**V.**

**GLORIA TATE D/B/A HUMBLE FAMILY SKATE CENTER AND HUMBLE FAMILY SKATE CENTER, INC., Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-71097**

---

## O P I N I O N

In this personal-injury case, the trial court granted summary judgment on the

defendants' affirmative defense of limitations. We affirm as to Humble Family

Skate Center Inc. and reverse and remand as to Gloria Tate d/b/a Humble Family Skate Center.

## BACKGROUND

On November 22, 2011, plaintiff/appellant Eddie Medina, Jr. sued defendants/appellees Gloria Tate d/b/a Humble Family Skate Center and Humble Family Skate Center Inc., alleging that while he was skating at defendants' skating rink "on or about November 23, 2009," he fell and was injured. Medina's petition claimed that defendants were negligent in several respects, including the maintaining of the premises in an unsafe condition and failing to warn plaintiff of the dangerous condition of the skating rink floor surface. Defendants answered, pleading a general denial and the affirmative defense of statute of limitations.

On April 5, 2012, defendants filed a traditional motion for summary judgment, arguing that although plaintiff's petition alleges that he was injured at defendants' premises "on or about November 23, 2009," plaintiffs' medical records and the defendants' business records conclusively establish that the date of injury was actually November 21, 2009. Defendants' attached evidence included (1) a calendar reflecting that the skating rink was closed on Monday November 23, 2009, (2) an affidavit from defendant Gloria Tate indicating that the accident happened on Saturday, November 21, 2009, (3) emergency medical records from Memorial Hermann reflecting that plaintiff was admitted the night of November

2

21, 2009 with notes that plaintiff complained of a right-foot injury suffered while skating and discharge records from November 22, 2009 instructing plaintiff to follow up with surgeon about treatment for ankle fracture, and (4) December 2009 Ben Taub surgery records identifying the date of plaintiff's injury as November 21, 2009. Because the statute of limitations for negligence is two years, and because plaintiff did not file suit until November 22, 2011—the day after the limitations period expired on plaintiff's claim for a November 21, 2009 injury—defendants argued that plaintiff's claims were barred as a matter of law.

Medina responded with three arguments. First, he argued that "fact issues regarding the actual date of limitations are abundant," i.e., (1) "prior to suit being filed, Defendant's agent repeatedly asserted November 23, 2009 as the date of loss; (2) Hospital records indicate Plaintiff was admitted approximately one hour prior to midnight on November 21, 2009; however emergency evaluations are indicated to have taken place on November 22, 2009; and (3) Plaintiff himself believed the date of loss to be November 23, 2009 in reliance on the representation of Defendants' agent." Next, he argued that defendant Tate had not conclusively negated the applicability of the out-of-state tolling statute.[1] *See* TEX. CIV. PRAC. & REM. CODE § 16.063 (Vernon 2008). Finally, Medina asserted that defendants

---

[1] On the same day that Medina filed his summary judgment response, he filed an amended petition adding the allegation, "Upon reasonable information and belief, during the time period of November 2009 to November 2011, Defendant was absent from the state for at least one day."

should be equitably estopped from relying on the statute of limitations because "agents of Defendants made representations regarding the date of loss . . . with the intention of misleading Plaintiff into believing the correct date of loss was November 23, 2009 and thus the statute of limitations was November 23, 2011."

The trial court granted defendants' motion for summary judgment.

## ISSUES ON APPEAL

Medina timely appealed here, raising three issues:

(1) "Whether presence within the state for purposes of negating the tolling statute is established by the general long-arm statute or by the availability of an alternate means of service?"

(2) "Whether the Texas Legislature intended to permit tolling as to resident defendants under Tex. Civ. Prac. & Rem. Code § 16.063?"

(3) "Whether Appellees are equitably estopped from asserting limitations due to willful misidentification of the date of loss?"

## STANDARD OF REVIEW

A party moving for traditional summary judgment has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When a defendant moves for traditional summary judgment, he must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995); *Yazdchi v. Bank One, Tex.*, N.A., 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

4

We review the granting of summary judgment de novo. *See Nelson v. Chaney*, 193 S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## OUT-OF-STATE TOLLING

### A. Applicable law

The parties agree that the statute of limitation for Medina's claims is two years, and that he filed suit after two years had passed. Medina contends, however, that a statutory tolling provision rendered his suit timely:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

TEX. CIV. PRAC. & REM. CODE § 16.063 (Vernon 2008). When summary judgment is sought on limitations, it is the movant's burden to also negate the applicability a tolling or suspension statute raised by the nonmovant. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975) (per curiam).

Texas courts have historically interpreted section 16.063 to mean that "the time during a person's absence from the state, for whatever purpose, will not be included in calculating the period of limitations." *E.g.*, *Loomis v. Skillerns–Loomis Plaza, Inc.*, 593 S.W.2d 409, 410 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.). "The time of a person's absence includes 'each departure from the state and the whole time of [each] absence.'" *Ray v. O'Neal*, 922 S.W.2d 314, 316–17 (Tex. App.—Fort Worth 1996, writ denied) (quoting *Phillips v. Holman*, 26 Tex. 276,

5

282 (1862); *Fisher v. Phelps, Dodge & Co.*, 21 Tex. 551, 560 (1858)). "Although the applicability of section 16.063 does not depend on proof of the precise periods of the defendant's absence from the state, there must be evidence from which the fact finder might reasonably conclude that the defendant had not, in the aggregate, been in the state the full statutory period." *Ray*, 922 S.W.2d at 317 (citing *Wise v. Anderson*, 359 S.W.2d 876, 880 (1962)).

### B. Analysis

In his first two related issues, Medina argues that summary judgment was not proper because defendants failed to conclusively negate the applicability of section 16.063's tolling provisions. In response, Defendant urges us to affirm the summary judgment by adopting the reasoning of the Fourteenth Court of Appeals in *Zavidil v. Safeco Insurance Co. of Illinois*, which held that a resident defendant's brief travels outside Texas during the limitations period—where Texas courts maintained personal jurisdiction over her during the entire period, and where she was at all times amenable to service—did not toll limitations under section 16.063. 309 S.W.3d 593, 596 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

### 1. Humble Family Skate Center, Inc.

The analysis relevant to Gloria Tate as an individual defendant d/b/a Humble Family State Center is different than the analysis relevant to corporate defendant

Humble Family Skate Center, Inc. (for which Gloria Tate is the registered corporate agent). Section 63.063 does not apply to toll limitations with regard to corporations when a plaintiff alleges that a corporate agent left the state for some period of time. *E.g., Louis v. Discount Tire Co. of Tex., Inc.*, 1 S.W.3d 698, 700 (Tex. App.—Amarillo 1999, no pet.) ("[W]hen sued, [defendant corporation] was the 'person against whom [the] cause of action . . . [was] maintained' for purposes of § 16.063, not . . . its registered agent."). Medina conceded as much in his sur-reply to defendant's motion for summary judgment, stating that "Plaintiff does not contend, nor has Plaintiff ever contended that Section 16.063 applies to the corporate Defendant, Humble Family Skate Center, Inc."

Accordingly, Medina's first and second issues are overruled as to defendant/appellee Humble Family Skate Center, Inc.

### 2. Gloria Tate d/b/a Humble Family Skate Center

Gloria Tate is a Texas resident who was sued individually. On this summary-judgment record, we have (1) an applicable  two-year statute of limitations, (2) suit filed two years and one day after Medina's claim accrued, and (3) Medina's allegation in his live petition that Tate was absent for at least one day during the limitations period, which he claims tolled limitations under TEX. CIV. PRAC. & REM. CODE § 16.063. While it is the summary-judgment movant's burden to conclusively establish the limitations bar, including the negation of a tolling or

7

suspension statute raised by the nonmovant, *see Zale Corp.*, 520 S.W.2d at 891,

Tate did not respond or provide evidence to rebut Medina's allegation that she had

been absent from the state for at least one day during the limitations period.

### a. This Court's Precedent

This Court has previously applied section 16.063 and the traditional

summary-judgment burdens on essentially identical facts, and concluded that

summary judgment was inappropriate. In *Winston v. Am. Med. Int'l, Inc.*, the

plaintiffs' live pleadings contained the allegation that the "individual Defendants

were absent from the state for several days during the two years following the

denial of staff privileges; thereby, tolling the statute of limitations on the tort

claims." 930 S.W.2d 945, 955 (Tex. App.—Houston [1st Dist.] 1996, writ denied).

We held that the defendants were required to negate application of the tolling

statute to provide their entitlement to summary judgment:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence. TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (Vernon 1986); *Ardila* [*v. Saaverdra*], 808 S.W.2d [645,] 646 [(Tex. App.—Corpus Christi 1991, no writ)]; *Hooper v. Torres*, 790 S.W.2d 757, 758–59 (Tex. App.—El Paso 1990, writ denied). Because defendants moved for summary judgment, it was their burden to conclusively negate Dr. Winston's reliance on 16.063 and prove the individual defendants were not out of the state as alleged. *Ardila*, 808 S.W.2d at 647. We find no evidence in the record from the defendants on this issue; thus, the defendants have failed to carry their burden. Therefore, we conclude the trial judge could not have granted summary judgment based on the running of any statute of limitations.

*Id.*; *see also Guardia v. Kontos*, 961 S.W.2d 580, 584 (Tex. App.—San Antonio 1997, no pet.) ("[A]fter [plaintiff] asserted or interposed the absence from the state issue, [defendant] had the burden to conclusively negate [plaintiff]'s assertion" to obtain summary judgment.).

Under the plain language of section 16.063, as well as the caselaw interpreting it in the summary judgment context, Tate's failure to address Medina's assertion that she was absent from the state for at least one day rendered summary judgment inappropriate.

### b. *Zavadil v. Safeco Ins. Co. of Illinois*

Medina does not address these cases or the actual language of section 16.063, but instead urges us to adopt the reasoning of a 2010 Fourteenth Court of Appeals' opinion, which applied recent Texas Supreme Court precedent to conclude that a Texas resident's fourteen days of out-of-state travel over a two-year limitations period did not constitute "absence from the state" for purposes of tolling limitations under section 16.063. *Zavadil*, 309 S.W.3d at 596.

"Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court." *Taylor v. First Cmty. Credit Union*, 316 S.W.3d 863, 869 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also Morales v. JP Morgan Chase Bank,*

*N.A.*, No. 01-10-00553-CV, 2011 WL 2624047, at *4 (Tex. App.—Houston [1st Dist.] June 30, 2011, no pet.) (same). There has been no statutory change to section 16.063 since we previously interpreted it.[2] The question becomes then whether we agree with the Fourteenth Court of Appeals that there are intervening supreme court decisions "on point and contrary to" our prior interpretation of section 16.063 such that we must revisit our prior interpretation.

Section 16.063 has consistently been interpreted, as a general rule, to apply only to Texas residents. *E.g.*, *Guardia v. Kontos*, 961 S.W.2d 580, 584 (Tex. App.—San Antonio 1997, no writ) ("[T]he section 16.063 tolling provisions are not applicable to nonresidents."); *Mourning v. Crown Stevedoring Co.*, 417 S.W.2d 725, 726 (Tex. Civ. App.—Waco 1967, no writ) (Predecessor to rule 16.063 "Article 5537, Vernon's Ann. Tex. Civ. St. (providing absence from the State shall not be counted as part of limitation time) has no application to non-residents."). "The only exception to this rule is where the nonresident is present in Texas when

---

[2] The statute has in fact existed in substantively similar form for well over a century. Prior to codification into the Texas Civil Practice and Remedies Code, the out-of-state tolling provisions were located in article 5537 of the Texas Revised Civil Statutes Annotated, and provided:

> If any person against whom there shall be a cause of action shall be without the limits of this state at the time of the accruing of such cause of action, or at any time during which the same might have been maintained, the person entitled to sue on such an action shall be at liberty to bring the suit against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title.

TEX. REV. CIV. STAT. ANN. art. 5537 (Vernon 1958).

the obligation arose." *Guardia*, 961 S.W.2d at 584; *see also Ahrenhold v. Sanchez*, 229 S.W.3d 541, 543 (Tex. App.—Dallas 2007, no pet.) ("Generally, section 16.063 applies to (1) resident defendants or (2) non-residents who are present in Texas when an obligation arises or when the cause of action accrues.")

The two cases *Zavadil* relied upon—*Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008) and *Ashley v. Hawkins*, 293 S.W.3d 175 (Tex. 2009)—involved nonresident defendants who had committed acts in Texas forming the basis of the suits against them. In *Kerlin*, the court held that a nonresident defendant who had contracted in Texas was nonetheless deemed "present by doing business in this state" as defined by the Texas longarm statute, despite his physically being absent from the state. 263 S.W.3d 927–28. Accordingly, the court concluded that the tolling statute did not apply. *Id*. at 928. In *Ashley*, the court held that a nonresident involved in a car wreck in Texas was not considered absent from the state for purposes of tolling because he could be served both through section 17.062 (providing service on Chairman of Transportation Commission as agent for nonresident involved in vehicle accident in state) and through section 17.044 (longarm statute providing service on Secretary of State for nonresidents doing business in state) of the Texas Civil Practice and Remedies Code. 293 S.W.3d at 179–82. The court summarized the rule:

> Therefore, we . . . hold, as we did in *Kerlin*, that a defendant is "present" in Texas, for purposes of the tolling statute, if he or she is

11

amenable to service under the general longarm statute, as long as the defendant has "contacts with the state sufficient to afford personal jurisdiction."

*Id*. at 179.

In *Zavadil*, the Fourteenth Court of Appeals considered whether limitations were tolled under section 16.063 for the fourteen days that a Texas-resident defendant was absent during the limitations period in a case arising from an automobile collision. 309 S.W.3d at 594–95. The court concluded that, under *Kerlin* and *Ashley*, the defendant's absences from the state did not toll limitations under section 16.063.

> The holdings in *Kerlin* and *Ashley* apply with even greater force in this case, where the defendant has never ceased to be a Texas resident since the cause of action accrued. Zavadil's brief intermittent excursions outside of the territorial boundaries of Texas did not affect the ability of state courts to exercise personal jurisdiction over her, for it is axiomatic that "residence in a state is a valid basis for the exercise of in personam jurisdiction." *J.M.R. v. A.M.*, 683 S.W.2d 552, 557 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.) (citing *Bulova Watch Co. v. Steele*, 194 F.2d 567, 571 (5th Cir.), *aff'd*, 344 U.S. 280, 73 S.Ct. 252, 97 L.Ed. 319 (1952)). Moreover, it is undisputed that she was at all times amenable to service. *See also* TEX. R. CIV. P. 106, 108 (pursuant to these rules, it is not necessary that a Texas resident be personally served within the state). Thus, under the reasoning of *Kerlin* and *Ashley*, Zavadil has not been "absent" from Texas for the purposes of section 16.063, and therefore section 16.063 did not toll the limitations period.

309 S.W.3d at 596.

Although we strive for uniformity with our sister Houston court to provide predictability for litigants, practitioners, and trial courts within our overlapping

12

jurisdictional boundaries, we do not view the supreme court decisions cited by the Fourteenth Court —dealing with nonresidents—so broad as to overrule our prior interpretation of section 16.063 with regard to Texas residents. In our view, *Zavadil*'s holding that a resident defendant's absence from the state does not toll limitations under section 16.063 because the state always has jurisdiction over its own residents and because residents need not be personally served cannot be squared with the actual language of section 16.063, and such interpretation effectively renders it meaningless.

The statute provides that the "absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." *Zavadkil* essentially appends to the statute the additional provision, "unless the person is subject to personal jurisdiction in Texas and amenable to service." With regard to Texas-resident defendants, section 16.063 and its predecessor statutes have consistently been—for more than one hundred years—interpreted to reflect the legislature's intent that any departure from the state during the limitations period not be included in calculating the limitations period.[3] With regard to Texas residents,

---

[3]     *Ray*, 922 S.W.2d 314 at 317 ("The time of a person's absence includes 'each departure from the state and the whole time of [each] absence."); *Loomis*, 593 S.W.2d at 410 ("Texas courts have long held that the time during a person's absence from the state, for whatever purpose, will not be included in calculating the period of limitations."); *Koethe v. Huggins*, 271 S.W. 143, 144 (Tex. Civ.

section 16.063's application has not previously been tied to the Texas courts' personal jurisdiction over the defendant (which, as the *Zavadil* court pointed out, is never an issue when the defendant is a Texas resident), nor has it been tied to the defendant's amenability to service (which again, as the *Zavadil* court pointed out, is never an issue given the options for substitute service in Texas). Indeed, we cannot conceive of a situation under *Zavadil* that the statute could ever toll limitations against a resident defendant.

Justice Brown's dissenting opinion advances reasonable policy arguments for extending the supreme court's decisions in *Kerlin* and *Ashley* to Texas residents, but absent a legislative change or a clear expression of intent by the supreme court to overrule a century's worth of caselaw interpreting section 16.063 and its predecessor statute with regard to Texas residents, we decline to do so.

We thus sustain Medina's first and second issue as to Tate.

App.—Amarillo 1925, no writ) ("The law is settled that the time of each departure from the state may be considered in determining the whole time of the absence, and when so determined, should be deducted from the period of limitation, and if, after so doing, limitation has not run, the debt is not barred."); *Bemis v. Ward*, 84 S.W. 291, 292–93 (Tex. Civ. App. 1904, writ ref'd) ("If the statute of limitation is suspended by the removal of the debtor to another state, there is nothing to put it in operation again, except his return to the state."); *Phillips v. Holman*, 26 Tex. 276, 276 (1862) ("It is settled that the clause of our statute of limitations which declares that the time of the debtor's absence from the state shall not be taken or accounted as part of the time limited by the act includes each departure from the state and the whole time of absence.").

## EQUITABLE ESTOPPEL

### A. Applicable Law

"Estoppel may bar a limitations defense when a party, or his agent or representative, makes representations that induce a plaintiff to delay filing suit within the applicable limitations period." *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 264 (Tex. App.—Houston [1st Dist.] 1994, writ denied). "An [insurance] adjuster acting for an insurance company may be considered to be the agent of the insured so as to estop the insured from setting up a statute of limitations" defense. *Mandola v. Mariotti*, 557 S.W.2d 350, 352 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

Generally, to invoke equitable estoppel, a party must prove: (1) a false representation or concealment of material fact; (2) made with knowledge, actual or constructive, of the facts; (3) to a party without knowledge or the means of knowledge of the real facts; (4) with the intention that it should be acted upon; and (5) the party to whom it was made must have relied upon or acted upon it to his prejudice. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010). In the limitations context, the "essential elements of such estoppel are: that the defendant, by his words or conduct, induced the plaintiff to delay filing his cause of action beyond the time permitted by the applicable statute

15

of limitations, unmixed with any want of diligence on the plaintiff's part." *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Palais Royal, Inc. v. Gunnells*, 976 S.W.2d 837, 849 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd) ("[T]he failure to file suit must be unmixed with want of diligence on the plaintiff's part.").

### B. Analysis

Medina argues that summary judgment on the defendants' limitations defense was also inappropriate because a fact issues exists as to his affirmative defense of equitable estoppel. He points to two letters sent to his lawyer by defendants' insurance company in March 2010 seeking information from Medina about his injuries and requesting that he sign an authorization for release of his medical records. In both letters, the "date of loss" in the reference section is identified as November 23, 2009. Medina alleges that the insurance company was made aware shortly after the letters were sent that the actual date of loss was November 21, 2009, but failed to correct its earlier misrepresentation to Medina. Medina also asserts that there is a fact issue about whether he had knowledge or the ability to learn the true date of the accident, because the defendants' insurance agent confirmed Medina's own recollection about the date, so Medina should not have been required to further verify the date. Finally, Medina argues that there is a

16

fact issue about whether he relied to his detriment on the insurance's company's misrepresentation.

Defendants respond that to "invoke equitable estoppel, any alleged misrepresentations must be made to a party without knowledge of the facts." Because Medina's counsel is the one who provided medical records reflecting that Medina's injuries occurred on November 21, 2009 to the insurance company, defendants argue that Medina's lack of diligence is established as a matter of law.

We agree with defendants that the trial court correctly held defendants negated the applicability of equitable estoppels as a matter of law. This case is distinguishable from cases in which we have found a fact issue about whether an insurance adjuster made representations to an injured party that reasonably induced a plaintiff to not timely bring suit. For example, in *Frank v. Bradshaw*, the plaintiffs were injured when the defendant rear-ended their car. 920 S.W.2d 699, 701 (Tex. App—Houston [1st Dist.] 1996, no writ). The defendant's insurance company paid for the damage to plaintiffs' car, and the insurance adjuster told the plaintiffs that it would pay their medical bills when their personal injury protection funds ran out. *Id*. The adjuster also specifically represented, in response to the plaintiffs' inquiry, that that there was "no time limit problem with the filing of the medical bills and the payment of their claims." *Id*. We held that that fact issues existed about whether the adjuster intended the plaintiffs to rely on his

misrepresentation to not timely sue, and about whether the plaintiffs exercised diligence, given that they were without counsel but nonetheless diligent enough to inquire with the adjuster about whether they needed to take action within a certain time. *Id*. at 703.

In this case, Medina had equal (or superior) knowledge about the date of his injury. And the failure to correct the incident date on two letters to Medina's counsel, without more, is not evidence that the adjuster intended to induce Medina to delay filing suit. Without evidence that defendants or their agent wrongfully induced Medina to not timely sue, Medina's failure to ascertain the correct date of his own injury demonstrates a lack of diligence as a matter of law. He has not cited any cases supporting application of equitable estoppel on these facts.

We overrule Medina's third issue.

## CONCLUSION

We affirm summary judgment as to Humble Family Skate Center, Inc. In light of our conclusion that defendants did not conclusively negate the out-of-state tolling statute as to Gloria Tate d/b/a Humble Family Skate Center, we reverse and remand the summary judgment as to Gloria Tate individually.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.  Justice

Brown, dissenting.