**Opinion issued August 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00693-CV

_____

**BRAD MICHAEL RYES, Appellant**

**V.**

**DIANNE RICHARD ROSS, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Brazoria County, Texas**
**Trial Court Case No. CI56457**

---

## MEMORANDUM OPINION

Appellant, Brad Michael Ryes, challenges the trial court's rendition of summary judgment in favor of appellee, Dianne Richard Ross, in Ryes's suit against her for negligence. In his sole issue, Ryes contends that the trial court erred in granting Ross summary judgment on his negligence claim because the

statute of limitations was tolled pursuant to Texas Civil Practices and Remedies Code section 16.063 ("Section 16.063").[1]

We reverse and remand.

## Background

In his petition, filed on September 5, 2017, Ryes alleged that, on August 30, 2015, while backing his car out of a parking space in a parking lot in Brazoria County, Texas, Ross's car "backed into" the car that Ryes was driving. According to Ryes, he "sustained serious injuries" and incurred damages "[d]ue to the force and impact of the collision." Ryes brought a claim for negligence against Ross and sought damages for the injuries resulting from the car collision. He further alleged that "[u]pon information and belief," Ross had "been outside of the State of Texas for a number of days and unavailable for service of process."

Ross generally denied Ryes's allegation and asserted various affirmative and other defenses, including that Ryes's claim was barred by the applicable two-year statute of limitations.[2] Ross then moved for summary judgment, arguing that she was entitled to judgment as a matter of law because Ryes's negligence claim was time barred. More specifically, she asserted that pursuant to Section 16.003(a), Ryes had two years from the date of the car collision—August 30, 2015—to bring

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.063.

[2]     *See id.* § 16.003(a).

his claim for negligence against her. And Ryes did not bring suit until September 5, 2017, which is more than two years from the date of the car collision.

In response to Ross's summary-judgment motion, Ryes argued that his claims were not time barred because the applicable limitations period was tolled pursuant to Section 16.063, which suspends the running of limitations when a person against whom a cause of action may be maintained is absent from the state.[3] Therefore, Ryes argued that because Ross was "out of the State of Texas for more than five days from the date of the [collision] until the date [his] lawsuit was filed," his filing of his negligence suit filed on September 5, 2017 was timely.

Ross then amended her summary-judgment motion to assert that "brief, intermittent absences from Texas" during a limitations period do "not toll the statute of limitations period under Section 16.063." And she asserted that the statute of limitations should not be tolled in the case because she was a Texas resident at the time of the car collision, remained a Texas resident for the entire limitations period, and only left the state for a "brief, five (5) day vacation . . . since the date of the [car collision]." Ross further asserted that during her vacation she remained "amenable to service of process" and, thus, Section 16.063 did not apply in this case. Also, Ross argued that even if Section 16.063 applied, Ryes "still missed the deadline to file suit and [his negligence] claim [was]

---

[3] *Id.* § 16.063.

barred" because he filed suit six days after the statute of limitations period had run and Ross had only left the State of Texas for five days.

In Ryes's amended summary-judgment response, he asserted that he filed his negligence suit against Ross on September 4, 2017, within the five-day tolling of the applicable statute of limitations. And because Texas Rule of Civil Procedure 21(f)(5) deems an electronically-filed document "filed when transmitted to the party's . . . electronic filing service-provider," his lawsuit was timely filed.[4] Ryes attached to his amended summary-judgment response an electronic-filing receipt reflecting that his suit was filed on Monday, September 4, 2017.

In her reply Ross re-urged her argument that the limitations period was not tolled in this case. She further argued that because Monday, September 4, 2017, was Labor Day, which is a legal holiday, that Texas Rule of Civil Procedure 21(f)(5)(A)[5] deemed that Ryes's suit was filed the next day, i.e., six days after the limitations period had run. Ross attached to her reply two documents establishing that Monday, September 4, 2017 was Labor Day and that Labor Day is a legal holiday.

After a hearing, the trial court granted Ross's summary-judgment motion.

---

[4]     *See* TEX. R. CIV. P. 23(f)(5).

[5]     *Id.* 21(f)(5)(A).

## Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To prevail on a matter-of-law summary-judgment motion, the movant must establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a defendant moves for a matter-of-law summary judgment on an affirmative defense, she must plead and conclusively establish each essential element of her affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant meets her burden, the burden

5

shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcont'l Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded fact finders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

### Limitations

In his sole issue, Ryes argues that the trial court erred in granting Ross summary judgment based on limitations because the statute of limitations period was tolled, pursuant to Section 16.063, making his negligence suit filed timely. It is undisputed that the statute of limitations for Ryes's negligence claim is two years[6] and that Ryes filed his negligence suit more than two years after his claim had accrued. Ryes contends that Section 16.063 rendered his suit timely because Ross left the state for five days during the two-year period.

As the party asserting the affirmative defense and the movant for summary judgment, Ross bore the burden to conclusively establish her statute-of-limitations defense as a matter of law. *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex. App.—Dallas 2007, no pet.) (citing *Jenkins v. Henry C. Beck Co.*, 449

---

[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

6

S.W.2d 454, 455 (Tex. 1969)). This also includes the burden of negating any applicable tolling or suspension statute raised by the non-movant. *See Medina v. Tate*, 438 S.W.3d 583, 586 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975)).

> Section 16.063, the tolling provision at issue in this case, provides:
>
> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.063.

Here, Ross asserts that Section 16.063 did not toll the limitations period for her five-day trip outside of the State of Texas and only concerns "amenability to service, rather than . . . physical presence within the territorial limits of the state," relying on two opinions from the Texas Supreme Court and one from our sister court. *See Ashley v. Hawkins*, 293 S.W.3d 175 (2009); *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008); *Zavadil v. Safeco Ins. Co. of Ill.*, 309 S.W.3d 593 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). However, as Ross also admits, this Court has previously considered and rejected her exact argument. *See Medina*, 438 S.W.3d at 587–91. Thus, Ross requests that we reconsider our prior holding in light of the case law cited in her brief, which is allegedly "on point and contrary to [this Court's] prior interpretation of [S]ection 16.063."

7

As this Court recognized in *Medina*:

> Texas courts have historically interpreted [S]ection 16.063 to mean that "the time during a person's absence from the state, for whatever purpose, will not be included in calculating the period of limitations." *E.g.*, *Loomis v. Skillerns-Loomis Plaza, Inc.*, 593 S.W.2d 409, 410 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.). "The time of a person's absence includes 'each departure from the state and the whole time of [each] absence.'" *Ray v. O'Neal*, 922 S.W.2d 314, 316–17 (Tex. App.—Fort Worth 1996, writ denied) (quoting *Phillips v. Holman*, 26 Tex. 276, 282 (1862); *Fisher v. Phelps, Dodge & Co.*, 21 Tex. 551, 560 (1858)). "Although the applicability of [S]ection 16.063 does not depend on proof of the precise periods of the defendant's absence from the state, there must be evidence from which the fact finder might reasonably conclude that the defendant had not, in the aggregate, been in the state the full statutory period." *Ray,* 922 S.W.2d at 317 (citing *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 880 (1962)).

438 S.W.3d at 586–87. We further explained:

> Section 16.063 has consistently been interpreted, as a general rule, to apply only to Texas residents. *E.g.*, *Guardia v. Kontos,* 961 S.W.2d 580, 584 (Tex. App.—San Antonio 1997, no writ) ("[T]he section 16.063 tolling provisions are not applicable to nonresidents."); *Mourning v. Crown Stevedoring Co.,* 417 S.W.2d 725, 726 (Tex. Civ. App.—Waco 1967, no writ) ([p]redecessor to rule 16.063 "Article 5537, Vernon's Ann. Tex. Civ. St. (providing absence from the State shall not be counted as part of limitation time) has no application to non-residents."). "The only exception to this rule is where the nonresident is present in Texas when the obligation arose." *Guardia,* 961 S.W.2d at 584; *see also Ahrenhold v. Sanchez,* 229 S.W.3d 541, 543 (Tex. App.—Dallas 2007, no pet.) ("Generally, [S]ection 16.063 applies to (1) resident defendants or (2) non-residents who are present in Texas when an obligation arises or when the cause of action accrues.")[.]

*Id.* at 589.

Like Ross, the defendant in *Medina* also relied upon *Ashley*, *Kerlin*, and *Zavadil* in support of his position. However, our Court distinguished the two Texas Supreme Court cases relied upon by Ross, i.e., *Ashley* and *Kerlin*, as involving the "exception" to the general rule that Section 16.063 does not apply to nonresident defendants. *Id.* Specifically, we explained:

> [*Ashley* and *Kerlin*] involved nonresident defendants who had committed acts in Texas forming the basis of the suits against them. In *Kerlin,* the court held that a nonresident defendant who had contracted in Texas was nonetheless deemed "present by doing business in this state" as defined by the Texas longarm statute, despite his physically being absent from the state. 263 S.W.3d at 927–28. Accordingly, the court concluded that the tolling statute did not apply. *Id.* at 928. In *Ashley,* the court held that a nonresident involved in a car wreck in Texas was not considered absent from the state for purposes of tolling because he could be served both through section 17.062 (providing service on Chairman of Transportation Commission as agent for nonresident involved in vehicle accident in state) and through section 17.044 (longarm statute providing service on Secretary of State for nonresidents doing business in state) of the Texas Civil Practice and Remedies Code. 293 S.W.3d at 179–82.

*Id.* In other words, the rule set forth by *Kerlin* and *Ashley* is that a nonresident defendant is "'present' in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general longarm statute, as long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'" *Ashley*, 293 S.W.3d at 179 (quoting *Kerlin*, 263 S.W.3d at 927).

This Court in *Medina* also rejected the defendant's the request to extend the logic of *Kerlin* and *Ashley* to resident defendants.  In recognizing that our sister court had reached the opposite conclusion in *Zavadil*, this Court explained:

> Although we strive for uniformity with our sister Houston court to provide predictability for litigants, practitioners, and trial courts within our overlapping jurisdictional boundaries, we do not view the supreme court decisions cited by the Fourteenth Court—dealing with nonresidents—so broad as to overrule our prior interpretation of [S]ection 16.063 with regard to Texas residents.  In our view, *Zavadil*'s holding that a resident defendant's absence from the state does not toll limitations under [S]ection 16.063 because the state always has jurisdiction over its own residents and because residents need not be personally served cannot be squared with the actual language of [S]ection 16.063, and such interpretation effectively renders it meaningless.
>
> The statute provides that the "absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."  *Zavadil* essentially appends to the statute the additional provision, "unless the person is subject to personal jurisdiction in Texas and amenable to service."  With regard to Texas-resident defendants, [S]ection 16.063 and its predecessor statutes have consistently been—for more than one hundred years—interpreted to reflect the legislature's intent that any departure from the state during the limitations period not be included in calculating the limitations period.  With regard to Texas residents, [S]ection 16.063's application has not previously been tied to the Texas courts' personal jurisdiction over the defendant (which, as the *Zavadil* court pointed out, is never an issue when the defendant is a Texas resident), nor has it been tied to the defendant's amenability to service (which again, as the *Zavadil* court pointed out, is never an issue given the options for substitute service in Texas).  Indeed, we cannot conceive of a situation under *Zavadil* that the statute could ever toll limitations against a resident defendant.

*Id.* at 590–91 (internal footnote omitted).

10

*Medina* has not been overruled by this Court or the Supreme Court. And there has been no statutory change to Section 16.063 since we interpreted the provision in *Medina*. As such, we are bound by this Court's prior holding in *Medina* and Ross presents no reason to revisit the prior holding that was not already considered by the Court in that case. *See, e.g.*, *Taylor v. First Cmty. Credit Union*, 316 S.W.3d 863, 869 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court.").

Accordingly, we follow the binding precedent of this Court in *Medina* and conclude that Ross's five-day vacation out of the State of Texas tolled the statute of limitations in this case.

Ross next asserts that even if the Section 16.063 tolling provision applied in the instant case it would only extend the statute of limitations period for five days to September 4, 2017 and Ryes filed his petition six days after the two-year limitations period had expired on September 5, 2017.

A document is considered filed when it is electronically transmitted. *See* TEX. R. CIV. P. 21(f)(5). However, if that document is transmitted on a Saturday, Sunday, or legal holiday, it is "deemed filed on the next day that is not a Saturday,

11

Sunday, or legal holiday." *See* TEX. R. CIV. P. 21(f)(5)(A). The summary-judgment evidence establishes that Ryes filed his petition electronically on September 4, 2017, which was Labor Day (i.e., indisputably a "legal holiday"). Therefore, his petition was deemed filed the next day that the trial court was open, i.e., September 5, 2017. Although technically September 4, 2017 should have been the last day on which Ryes could have filed his negligence suit, because that day was a "holiday," "the period for filing [his] suit [was] extended to include the next day that the county offices [were] open for business." TEX. CIV. PRAC. & REM. CODE ANN. § 16.072.

We note that Ross argues that Ryes could not rely on Texas Civil Practices and Remedies Code section 16.072 to support his position because he did not raise any argument based on the provision in his response to Ross's summary-judgment motion in the trial court. However, we disagree. The parties do not dispute, and we may take judicial notice, that September 4, 2017 was a legal holiday on which the Texas state courts were closed. *See* TEX. R. EVID. 201. Despite the alleged tardiness of Ryes's assertion, "the language of Section 16.072 and the days of the year are beyond dispute." *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 367 (Tex. App.—Beaumont, pet. denied) (taking judicial notice of holiday and holding pleading timely filed where last day of limitations period on holiday and pleading filed next day court opened even though "calendar" issue not raised until oral

argument). And, as previously stated, it was Ross's burden as the summary-judgment movant to conclusively establish the elements of her affirmative defense of statute of limitations. *See, e.g.*, *Cathey*, 900 S.W.2d at 341.

Accordingly, because Ross did not conclusively prove her affirmative defense of statute of limitations, we hold that the trial court erred in granting her summary judgment.

We sustain Ryes's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Julie Countiss
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

Justice Lloyd, concurring.

13